NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

---------------------------------------------------------------X

In re:  Bankruptcy Case No. 14-14420

Jarrett D. Binney  Chapter 7

        Debtor.

---------------------------------------------------------------X

Jennifer A. Binney

        Plaintiff,

vs.  Adversary No. 14-1503

Jarrett D. Binney

        Defendant.  **MEMORANDUM OPINION**

---------------------------------------------------------------X

## APPEARANCES

Jennifer A. Binney
61 Canal Street
Sayreville, New Jersey 08872
Self-Represented Plaintiff

Jarrett D. Binney
646 Schindler Drive
Brick, New Jersey 08723
Self-Represented Defendant/Debtor

**HONORABLE KATHRYN C. FERGUSON, USBJ**

Procedural history

Jarrett Binney filed a Chapter 7 petition on March 10, 2014. On May 29, 2014, Jennifer Binney filed a complaint seeking a determination of dischargeability under 11 U.S.C. §§ 523(a)(6), (a)(5), and (a)(15).[1] The court tried the case on January 21, 2015, and reserved decision. This opinion constitutes the court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

Background

The debt at issue in this adversary proceeding arose from a domestic violence action in the state court. The parties were married from 2003 until 2013. In May 2011, Jennifer Binney was granted a Temporary Restraining Order against her husband, Jarrett Binney. Ms. Binney then sought a permanent restraining order. Judge Coyle of the New Jersey Superior Court tried the matter, and at the conclusion of multiple days of trial involving numerous witnesses, Judge Coyle issued an extensive oral opinion.[2] Judge Coyle concluded that Mr. Binney "is guilty of harassment, guilty of assault, guilty of terroristic threats …."[3] Judge Coyle granted Ms. Binney's attorney $15,000 in legal fees as part of the damage award.

The parties were divorced by order dated June 26, 2013.[4] The divorce judgment states that Jarrett Binney "continues to owe defendant [Jennifer Binney] $15,000 under Judge Coyle's order, less a credit for anything he has already directly paid back."[5]

The parties represented themselves at the trial in the bankruptcy court. Neither party presented a witness. Mr. Binney did not submit any exhibits into evidence. Ms. Binney relied on

---

[1] The complaint was timely filed under Federal Rule of Bankruptcy Procedure 4007(c)
[2] Complaint; Ex. A
[3] Complaint; Ex. A, Tr. at 44
[4] Complaint; Ex. C
[5] Complaint; Ex. C, Dual Judgment of Divorce at 3

her complaint and the attached exhibits.[6] At trial, Mr. Binney stated that he did not object to the admission of those documents into evidence.

## Discussion

The court begins by noting that it is prohibited from altering the state court divorce judgment. The Rooker-Feldman doctrine[7] provides that a lower federal court should not act as an appellate court for state court decisions.[8] Accordingly, the court begins with the established fact that the $15,000 debt owed to Ms. Binney's attorney was incorporated into a final judgment of divorce, and the divorce judgment was not appealed. The determination this court must make is whether that debt can be discharged as part of Mr. Binney's bankruptcy proceeding.

To protect a debtor's fresh start, exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors.[9] As the plaintiff, Ms. Binney bears the burden of demonstrating nondischargeability by a preponderance of the evidence.[10] Ms. Binney alleges three possible grounds for nondischargeability in her complaint.

The first allegation is that the debt is not subject to discharge under § 523(a)(5). That section of the Bankruptcy Code provides that a debt may not be discharged in bankruptcy if it is "for a domestic support obligation."[11] The term "domestic support obligation" means a prepetition debt that is:

>   (A) owed to or recoverable by--
>       (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

---

[6] Ms. Binney submitted an updated version of the complaint and supporting documents as part of her pre-trial submission. Those documents appear on the docket at Doc. 15 and Doc. 16
[7] Rooker v. Fidelity Trust Co., 460 U.S. 462 (1983)
[8] Lance v. Dennis, 546 U.S. 459 (2006)
[9] In re Cohn, 54 F.3d 1108, 1113 (3d Cir. 1995)
[10] Grogan v. Garner, 498 U.S. 279 (1991) (preponderance of the evidence standard applies to § 523(a)(6)); In re Graham, 973 F.2d 1089, 1101 (3d Cir. 1992) (preponderance of the evidence standard applies to all subsections of 523(a))
[11] 11 U.S.C. § 523(a)(5)

> (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
> > (i) a separation agreement, divorce decree, or property settlement agreement;
> > (ii) an order of a court of record; or
> > (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.[12]

The $15,000 debt[13] at issue here meets the definition of a domestic support obligation. First, it is owed to Jennifer Binney, the debtor's former spouse. Although the debt is for legal fees payable to Ms. Binney's attorney, Ms. Binney remains personally liable for paying her attorney so for the purposes of this analysis it is the same as a debt owed directly to her. Second, the debt was expressly designated as alimony in the divorce judgment. The divorce judgment provides that Jarrett Binney "continues to owe defendant [Jennifer Binney] $15,000 under Judge Coyle's order, less a credit for anything he has already directly paid back."[14] That statement appears in the section denominated "(II) SPOUSAL SUPPORT (3) <u>Alimony</u>."[15] This court is not bound by the state court's designation of the nature of the debt; however, when the family court specifically states that an award is in the nature of alimony and support, that is strong evidence of the nature of the debt. This court finds that the award of $15,000, when read in the context of the entire divorce agreement, is clearly in the nature of alimony and support. Third, the award was included as part of a final divorce judgment as required by § 101(14A)(C)(i). Finally, the debt

---

[12] 11 U.S.C. § 101(14A)

[13] The court uses the term "$15,000 debt" because $15,000 is the amount that was included in the divorce judgment. The parties agree that $400 was repaid, and the Complaint seeks a finding that $14,600 is nondischargeable.

[14] Complaint; Ex. C, Dual Judgment of Divorce at 3

[15] Complaint; Ex. C, Dual Judgment of Divorce at 2

has not been assigned to another entity. The evidence submitted by Ms. Binney overwhelmingly establishes that this debt meets the definition of a domestic support obligation and thus is not subject to discharge under § 523(a)(5).

Given the finding of nondischargeability under § 523(a)(5), the court need not consider the other allegations in the complaint. But, as an alternative basis for its ruling, the court will also analyze the allegations under § 523(a)(6).

Section 523(a)(6) prevents discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity."[16] Authorities have interpreted the operative language in § 523(a)(6) as embodying two distinct requirements: "willful" and "malicious."[17] Accordingly, a creditor cannot prevail unless he proves that a debtor's act was both willful and malicious.[18] For the willful requirement, the Supreme Court has established that "[o]nly acts done with intent to cause injury, and not merely acts done intentionally, rise to the level of willful ... for the purposes of satisfying section 523(a)(6)."[19] Courts in the Third Circuit use an objective approach to this analysis. Under the objective approach, an injury is "willful" if the debtor caused harm through a deliberate action with an objective substantial certainty of injury.[20] For the "malicious" requirement, a person's action is considered "malicious" when it is committed in "conscious disregard of his or her duties or without just cause or excuse."[21]

Judge Coyle made all of the finding necessary under § 523(a)(6) were made as part of Judge Coyle's ruling at the hearing for a final restraining order. A bankruptcy court can rely on

---

[16] 11 U.S.C. § 523(a)(6)
[17] Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶ 523.12[2] (16th ed. 2009); In re Fechnay, 425 B.R. 212 (Bankr. E.D. Pa. 2010)
[18] In re Ormsby, 591 F.3d 1199 (9th Cir. 2010)
[19] Kawaauhau v. Geiger, 523 U.S. 57, 57-58 (1998)
[20] In re Pearman, 432 B.R. 495 (Bankr. D.N.J. 2010)
[21] In re Sexton, 342 B.R. 522, 530 (Bankr. N.D. Ohio 2006)

the findings of a state court under principles of preclusion.[22] Because the prior ruling at issue here was made by a New Jersey court, this court must apply the preclusion law of the forum state.[23] There are two forms of preclusion: claim preclusion, also known as res judicata, and issue preclusion, also known as collateral estoppel. Claim preclusion does not apply to a bankruptcy court dischargeability determination because it infringes on Congress' intent to leave dischargeability issues to the sole discretion of the bankruptcy court.[24] By contrast, the narrower doctrine of issue preclusion, which treats as final only those questions actually and necessarily decided in the prior suit, may be applied in the dischargeability context.[25] For issue preclusion to apply, the standard of proof in the prior suit must be the same or higher than the preponderance of the evidence standard applied to dischargeability actions in the bankruptcy court.[26] That requirement is satisfied here because the standard of proof used in domestic violence actions is a preponderance of the evidence.[27]

The New Jersey Supreme Court requires the following elements for issue preclusion: "(1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding."[28]

---

[22] In re Cunningham, -- B.R. --, 2015 WL 971390 (Bankr. E.D. Pa. March 4, 2015)
[23] Paramount Aviation Corp. v. Agusta, 178 F.3d 132 (3d Cir. 1999) (stating the general federal rule that the preclusive effect of prior cases are determined by the law of the prior forum)
[24] Brown v. Felsen, 442 U.S. 127, 139 (1979) ("This case concerns res judicata only, and not the narrower principle of collateral estoppel.")
[25] In re Anderson, 520 B.R. 89 (B.A.P. 6th Cir. 2014)
[26] Grogan v. Garner, 498 U.S. 279, 284-85 (1991)
[27] Roe v. Roe, 253 N.J. Super. 418 (App. Div. 1992)
[28] First Union Nat. Bank v. Penn Salem Marina, Inc., 190 N.J. 417 (2007)

The first determination is whether the issues decided in the prior proceeding are the same as a determination of willful and malicious injury. The state court found that Mr. Binney committed assault[29], terroristic threats[30], and harassment[31]. There is an identity of issues to the extent that those are all intentional torts that require scienter, and so does a finding of willful and malicious injury.[32] Assault as defined by New Jersey law satisfies the requirements of § 523(a)(6). Assault is a "willful" act because it is a deliberate action undertaken with an objective substantial certainty of injury.[33] Assault is also a "malicious" act because it is without just cause or excuse. The same applies to the state court's finding of terroristic threats and harassment. The next requirement for issue preclusion is that the issue was actually litigated in the prior proceeding. As previously noted, Judge Coyle's ruling came after multiple days of testimony involving multiple witnesses. The factual and legal issues underlying Judge Coyle's findings were fully and fairly litigated.

The third requirement is that that the court in the prior proceeding issued a final judgment. The divorce judgment at issue here, which incorporated Judge Coyle's damage award, was not appealed and is a final order.

---

[29] A person is guilty of assault if he "Attempts by physical menace to put another in fear of imminent serious bodily injury." N.J. Stat. § 2C:12-1(a)(3)

[30] A person is guilty of making terroristic threats if he "Threatens to commit any crime of violence with the purpose to terrorize another." N.J. Stat. § 2C:12-3(a)

[31] A person commits the offense of harassment if he "Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or, … engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person." N.J. Stat. § 2C:33-4(b), (c)

[32] In re Cunningham, -- B.R. --, 2015 WL 971390 (Bankr. E.D. Pa. March 4, 2015) (court found that a cause of action for assault and battery was "sufficiently similar" to an action for willful and malicious injury for preclusion purposes)."

[33] In re Pearman, 432 B.R. 495 (Bankr. D.N.J. 2010)

Forth, the determination must have been essential to the prior judgment. That requirement is satisfied because a finding of intent to injure is a theme that runs through all of the causes of action.

Finally, Mr. Binney, the party against whom issue preclusion is being applied, was a party to the prior action. All of the elements for issue preclusion are satisfied here, therefore, the court can find that the $15,000 debt is nondischargeable under § 523(a)(6).

## Conclusion

The court finds in favor of the plaintiff, Jennifer Binney. The $14,600 in unpaid legal fees remaining from the $15,000 award contained in the divorce judgment is not subject to discharge under either § 523(a)(5) or § 523(a)(6). The court will enter an order in accordance with this opinion.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

Dated: April 7, 2015